**E-FILED on** 4/23/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NGUESSAN YAO,<br><br>Defendant,<br><br>THE REPUBLIC OF COTE D'IVOIRE,<br><br>Claimant. | No. CR 10-0434 RMW<br><br>ORDER GRANTING PETITION FOR ANCILLARY PROCEEDINGS AND DETERMINATION OF LACK OF FORFEITABILITY<br><br>**[Re Docket No. 104]** |

On January 10, 2012, the court entered a preliminary order of forfeiture in the instant action pertaining to $1,961,515 in funds (the "funds") allegedly seized from Jean Ghislain Ahouyi Ngbichi on September 10, 2010 in Washington, D.C. *See* Dkt. No. 99. Pursuant to the court's order, on January 12, 2012, the government published a notice of its intent to dispose of the funds. *See* Dkt. No. 102. The notice instructed any person claiming an interest in the funds to file a petition within sixty (60) days of the initial publication of the notice. *Id.*, Attachment 1.

On March 9, 2012, the Republic of Cote D'Ivoire ("claimant") filed a petition for ancillary proceedings and determination of lack of forfeitability of the funds. *See* Dkt. No. 104. According to claimant, the funds are neither the instrumentality nor proceeds of criminal activity, but rather

ORDER GRANTING PETITION FOR ANCILLARY PROCEEDINGS AND DETERMINATION OF LACK OF FORFEITABILITY
No. CR 10-0434 RMW
EDM

governmental property acquired through "ordinary government activities." *Id.* Claimant further alleges that the funds were seized from its bank account in New York, not the address in Washington, D.C. provided in the information. *Id.*

Under 21 U.S.C. § 853(n), a third-party may assert an interest in property subject to forfeiture by filing a petition with the court. *See also* Fed. R. Crim. P. 32.2(c). On motion, the court may dismiss the petition for lack of standing, failure to state a claim or "any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Where no motion is submitted challenging the petition, the court must hold an ancillary hearing to adjudicate the validity of the claimant's alleged interest in the property. *See id.*; *United States v. Close*, 2006 U.S. Dist. LEXIS 2655, at *7-8 (D. Idaho Jan. 12, 2006).

At the ancillary proceeding, the court must consider relevant portions of the record of the criminal case that resulted in the forfeiture order, as well as evidence and witness testimony presented by both the United States and the claimant. *See* 21 U.S.C. § 853(n)(5). If the claimant establishes by a preponderance of the evidence that it: (1) had a vested or superior right, title, or interest in the property when the defendant committed the acts giving rise to the forfeiture, or (2) is a bona fide purchaser for value of the right, title, or interest in the property and at the time of the purchase was reasonably without cause to believe the property was subject to forfeiture, the court must amend the order of forfeiture to accommodate that interest. *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (citing 21 U.S.C. § 853(n)(6)).

Given that the United States did not submit a motion opposing claimant's petition within the time required by the local rules, the court will hold an ancillary hearing to determine the validity of the claimed interest in the funds. Claimant must contact courtroom deputy Jackie Garcia at 408-535-5375 to set a hearing date. The parties are also ordered to submit exhibit and witness lists to the court no less than ten (10) days before the hearing.

It is so ordered.

ORDER GRANTING PETITION FOR ANCILLARY PROCEEDINGS AND DETERMINATION OF LACK OF FORFEITABILITY
No. CR 10-0434 RMW
EDM  2

DATED: April 23, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge