IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL SHOR,<br><br>    Defendant. | No. 10-CR-00434 RMW<br><br>ORDER DENYING MOTION TO CORRECT JUDGMENT UNDER FED. R. CRIM. P. 36; ENTERING PRELIMINARY ORDER OF FORFEITURE<br><br>**[Re. Dkt. Nos. 108, 121]** |

On March 26, 2012, the court orally entered judgment against defendant Michael Shor ("defendant") on charges related to the unlawful export of arms. The court's colloquy included a stipulation that defendant waived any interest in $3,923,030.00 in funds seized by plaintiff United States of America ("plaintiff"). *See* Transcript of Oral Argument at 26.

On March 30, 2012, plaintiff filed a motion under Fed. R. Crim. P. 36 to correct the "judgment entered orally," claiming that it only sought to "forfeit" funds in the amount of $1,961,515.00 and that the larger amount reflected in the court's oral pronouncement was based on a "mistake" in plaintiff's sentencing memorandum. *See* Dkt. No. 108. Plaintiff later clarified that it seeks to "forfeit" the final payment for the illegal arms shipment seized in September 2010, but not the down payment made in April 2010 (the "April 2010 payment"). *See* Dkt. No. 121. Nevertheless, plaintiff contends that it is authorized to retain the April 2010 payment under 19 U.S.C. § 2801, which allows the proceeds from certain "undercover operation[s]" to be used to

ORDER DENYING MOTION TO CORRECT JUDGMENT UNDER FED. R. CRIM. P. 36; ENTERING PRELIMINARY
ORDER OF FORFEITURE
No. C-10-cr-00494 RMW
EDM

offset the expenses of such operations.  In fact, plaintiff concedes that it has already used the proceeds of the April 2010 payment "in accordance with [Section 2801]." *See* Dkt. No. 121 at 7.

"A court's authority under Rule 36 is limited to the correction of *clerical* errors in the judgment." *United States v. Bennett*, 423 F.3d 271, 277-278 (3d Cir. 2005) (emphasis in original). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *Id.* (citation omitted).  Plaintiff urges the court to find that amendment is appropriate because the oral judgment resulted from an "error" in plaintiff's sentencing memorandum, which overstated the amount plaintiff intended to forfeit.  However, as the court's oral judgment accurately reflected the statements made in that sentencing memorandum and the parties' understanding of the judgment at the time of sentencing, it appears that it is not subject to revision under Rule 36.[1]

Further, the court finds that making the requested revision would be unjust because the Republic of Cote d'Ivoire ("claimant") has indicated that it intends to assert ownership over the entire $3,923,030.00 by way of an ancillary proceeding under 21 U.S.C. § 853(n).  As amending the judgement at this point would ostensibly remove the April 2010 payment from the scope of the ancillary proceeding (in fact, that appears to be plaintiff's goal), the revision could adversely impact claimant's interests.  *Compare Bennett*, 423 F.3d at 281 (upholding amendment of a final judgment to include an order of forfeiture under Rule 36 where the government had entered a preliminary order of forfeiture, the parties had stipulated to the forfeiture at the time of sentencing, and there was *"no suggestion that anyone else is entitled to keep the money*.") (emphasis added).

Finally, the court finds that plaintiff would not be significantly prejudiced by the denial of its request to amend the judgment.  Plaintiff concedes that even if the April 2010 payment were not subject to a forfeiture order, claimant could move for the return of the property under Fed. R. Crim. P. 41(g), which allows such a motion to be made by "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property."  Both parties appear to assume that it would be easier for claimant to recover property in an ancillary proceeding than by way of a Rule 41(g)

---

[1] In so holding, the court expresses no opinion as to whether plaintiff's use of the proceeds of the April 2010 payment exceeded its authority under 19 U.S.C. § 2801.

ORDER DENYING MOTION TO CORRECT JUDGMENT UNDER FED. R. CRIM. P. 36; ENTERING PRELIMINARY ORDER OF FORFEITURE
No. C-10-cr-00494 RMW
EDM 2

motion because an ancillary proceeding would not require claimant to show that it was not complicit in defendant's unlawful conduct, while claimant would be prevented from recovery under 41(g) under such circumstances by the doctrine of *in pari delicto*. *See Kardoh v. United States*, 572 F.3d 697, 701 (9th Cir. Cal. 2009)    (in pari delicto doctrine prevents the return of money voluntarily paid to a government agent in an illegal transaction under Rule 41(g)).  While the court has found no case on point, 21 U.S.C. 853(n) demands that a claimant show a "legal right, title or interest" in the property at issue, suggesting that the doctrine of *in pari delicto* would apply in an ancillary proceeding.  Put another way, unless claimant provides authority holding otherwise, it will be required to show that it was not complicit in defendant's unlawful conduct whether it seeks recovery under Section 853(n) or Rule 41(g).  Thus, amending the judgment would unnecessarily complicate this case by forcing the parties to litigate the same issue in two separate proceedings.

Accordingly, the court denies plaintiff's motion to amend the judgment under Fed. R. Crim. P. 36, and enters a preliminary order of forfeiture of the entire $3,923,030.00 seized from defendant.

It is so ordered.

DATED:      July 26, 2012

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO CORRECT JUDGMENT UNDER FED. R. CRIM. P. 36; ENTERING PRELIMINARY ORDER OF FORFEITURE
No. C-10-cr-00494 RMW
EDM                                        3